■ LINDA BAKER, Respondent, v BOARD OF EDUCATION OF
THE WEST IRONDEQUOIT CENTRAL SCHOOL DISTRICT et al., Ap-
pellants. (Appeal No. 1.)—Order unanimously reversed on the
law without costs and defendants' motion for summary judg-
ment granted. Memorandum: Plaintiff was a mathematics
teacher in the West Irondequoit Central School District (Dis-
trict) and a member of the West Irondequoit Teachers Associa-
tion (Association). She alleged that the District and Superin-
tendent discriminated against her on account of her sex by
denying her request for an extension of educational leave and
relief from administrative assignment, and that the Associa-
tion breached its duty of fair representation in refusing to
process her grievance. Supreme Court erred in denying sum-
mary judgment to the District and the Association. On this
record, the moving parties met their initial burden of showing
that there was no sex discrimination, and plaintiff has failed
to establish a prima facie case of sex discrimination *(see, Texas
Dept. of Community Affairs v Burdine,* 450 US 248, 252-253).
The fact that two male teachers were granted educational
leaves and one male teacher was granted administrative relief
does not create an inference of discrimination because plain-
tiff's requests were significantly different. Plaintiff sought a
one-semester extension, not an initial leave. She failed to
refute defendant's showing that the personnel needs in the
math department were more acute than in the music and

English departments where the two male teachers taught, and that it was more difficult to secure a replacement for one semester than for one year. She also failed to account for the fact that the District granted her initial request for a one-year educational leave despite the tardiness of the request and offered her administrative relief for one semester following her return from leave even though this was without precedent. Thus, plaintiff has not shown that the denial of her requests by the District and Superintendent was based solely on her gender rather than the needs of the District and its students (see, *Zahorik v Cornell Univ.,* 729 F2d 85, 91; *Matter of Pace Coll. v Commission on Human Rights,* 38 NY2d 28, 32). Plaintiff's statistical evidence based upon a compilation of Board minutes between 1964 and 1988 does not support her claim because there is no meaningful way to evaluate such evidence. Plaintiff has presented no proof of the number of women and men who were eligible and applied for initial leaves or extensions, or who have been denied such requests, or of the total number of male and female teachers in the District (see, *Martin v Citibank,* 762 F2d 212; *State Div. of Human Rights v Columbia Univ.,* 39 NY2d 612, 619, *cert denied sub nom. Gilinsky v Columbia Univ.,* 429 US 1096). Since plaintiff has failed to make a prima facie showing that her underlying grievance has merit, and since the District is entitled to summary judgment, she has no valid claim for damages against the Association for breach of its duty of fair representation (see, *San Francisco Web Pressmen & Platemakers' Union No. 4 v National Labor Relations Bd.,* 794 F2d 420, 424-425; *United Steelworkers v National Labor Relations Bd.,* 692 F2d 1052, 1057). (Appeals from order of Supreme Court, Monroe County, Curran, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.